UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOTAN POLLAK, on behalf of himself and all other similarly situated consumers<br><br>Plaintiff,<br><br>-against-<br><br>ALLTRAN FINANCIAL, LP,<br><br>Defendant. | Civil Action Number:   17-CV-7061<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff DOTAN POLLAK (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through his attorneys, The Law Office of Alan J. Sasson, P.C., against Defendant ALLTRAN FINANCIAL, LP (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff.

4. Defendant's actions violated § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a collection agency with a principal place of business located in Houston, TX.

8. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

10. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

    - All New York consumers who were sent collection letters and/or notices from Defendant in substantially the same form as the letter sent to Plaintiff of September 15, 2016 attempting to collect an obligation owed to or allegedly owed, in which Defendant improperly attempted to collect an alleged debt, in violation of 15 U.S.C. §1692 *et seq.*

- The Class period begins one year to the filing of this Action.

11. The identities of all class members are readily ascertainable from the records of Defendant and those business and governmental entities on whose behalf it attempts to collect debts.

12. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Defendant, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    - **Numerosity:** Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

    - **Common Questions Predominate:** There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

        a.    Whether Defendant violated various provisions of the FDCPA;

      b.      Whether Plaintiff and the Class have been injured by Defendant's conduct;

      c.      Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      d.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- **Typicality:** Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- **Adequacy:** Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- **Superiority**: A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal

redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. Some time prior to September 15, 2016, an obligation was allegedly incurred by Plaintiff to Defendant.

16. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

18. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

19. Elan Financial Services ("EFS"), directly or through an intermediary, contracted Defendant to collect EFS's debts.

20. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

21. On or around September 15, 2016, in an effort to collect on the EFS obligation, Defendant sent Plaintiff a collection letter. ("**Exhibit A**").

22. Said letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. As set forth in the following Counts, Defendant's communication violated the FDCPA.

## FIRST COUNT
### Violation of 15 U.S.C. § 1692e, *et seq*
### Failure to Convey the Amount of Debt

24. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "23" herein with the same force and effect as if the same were set forth at length herein.

25. On or about September 15, 2016, Defendant sent Plaintiff a collection letter.

26. The said collection letter was confusing to the Plaintiff and is likely to be misconstrued by the "least sophisticated consumer" since it is open to more than one reasonable interpretation, at least one of which is inaccurate.

27. Defendant's September 15, 2016 collection letter states in pertinent part:

    - "Amount Due as of charge-off: $2,109.99"
    - "Interest since charge-off: $0.00"
    - "Non-interest charges or fees: $0.00"
    - "Payments since charge-off: $0.00"

28. The FDCPA requires every debt collector in every collection letter to "disclose that the balance <u>may</u> increase due to interest and fees."

29. However, if the "Current Amount Due" will never increase and the holder of the debt will <u>always</u> accept payment of the amount set forth in full satisfaction of the debt, then the

debt collector must state, explicitly, that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt.

30. The debt collector need not use any particular language for the disclaimer.

31. The Second Circuit, in *Avila v. Riexinger & Assocs., LLC*, 817 F. 3d 72 (2d Cir. 2016), addresses all possible scenarios:

    - If the "current balance" <u>could</u> increase over time, then the collection notice must disclose that the "balance <u>might</u> increase due to interest and fees." *Id.*

    - If the "current balance is <u>currently</u> increasing, then the collection notice must disclose that the amount of the debt stated "in the letter <u>will</u> increase over time." *Id*.

    - If the "current balance" will never increase and the debt collector is always willing to accept this specified amount in full satisfaction of the debt, then the debt collector must state so clearly.  However, if a debt collector is willing to accept a specified amount in full satisfaction of the debt <u>only</u> if payment is made by a specific date, then the debt collector must simplify the consumer's understanding by so stating, while advising that the amount due <u>could</u> increase by the accrual of additional interest or fees if payment is not received by that date.

32. In this case, the Defendant stated that the amount of the debt due as of the charge-off was $2,109.99 and that the interest accrued since the charge-off was $0.00.  However, the Defendant failed to specify if the balance <u>might</u> increase due to interest and fees.

33. The Plaintiff, as well as the "least sophisticated consumer" was unsure as to whether or not the said account was accruing interest.

34. The said letter fails to include the safe harbor language set out by the Second Circuit.

35. The "Current Amount Due" in this case was for an amount that included the original principal, fees, and contractual interest.

36. The Plaintiff was left uncertain as to whether the "Current Amount Due" was accruing interest as there was no disclosure that indicated otherwise.

37. The Plaintiff was left unsure whether the "Current Amount Due" would accrue any type of fees, costs and/or disbursements as there was no disclosure that indicated otherwise.

38. A reasonable consumer could read the notice and be misled into believing that he or she could pay his debt in full by paying the amount listed on the notice.

39. In fact, however, since contractual interest is automatically accruing daily and since there will be undisclosed fees that will accrue, a consumer who pays the "Current Amount Due" stated on the notice will not know whether the debt has been paid in full, especially if that payment is made, for example, one month after the letter was sent to the Plaintiff.

40. The statement of "Current Amount Due" without notice that the amount <u>may</u> increase or is already increasing due to automatically accruing contractual interest, would mislead the least sophisticated consumer into believing that payment of the amount stated will clear his or her account.

41. Collection notices that state only the "Current Amount Due" but do not disclose that the balance <u>might</u> increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

42. Moreover, the fact that the collection letter states that the interest accrued since the charge-off is $0 may confuse the least sophisticated consumer, and did confuse the Plaintiff, as to whether there will be interest charged in the future.

43. The Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

44. Upon information and belief, such actions are part of a scheme or business of Defendant when attempting to collect alleged debts from consumers in the State of New York.

45. Upon information and belief, the Defendant's collection letters, such as the September 15, 2016 collection letter, number in at least the hundreds.

46. Plaintiff suffered injury in fact by being subjected to unfair and abusive practice of Defendant.

47. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

48. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

## SECOND COUNT
### Violation of 15 U.S.C. § 1692e, *et seq*
### False or Misleading Representation as to the Name of the Creditor to Whom the Debt is Owed

49. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "48" herein with the same force and effect as if the same were set forth at length herein.

50. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

51. While § 1692e specifically prohibits certain practices, the list is non-exhaustive and does not preclude a claim of falsity or deception based on any non-enumerated practice.

52. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

53. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

54. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

55. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

56. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

57. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

58. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice is applied.

59. The collection letter lists the creditor as "Elan Financial Services."

60. The least sophisticated consumer would likely be uncertain as to whether the creditor to whom the debt is owed is "Elan Financial Services" or some other creditor because the letter does not state that "Elan Financial Services" is the *original creditor*.

61. The least sophisticated consumer would likely be confused as to whether the creditor to whom the debt is owed to originally.

62. Debts are often bought and sold to different parties. As such, it is common for a debt to be owed to one party, but then sold to second party which collects on that debt. The least sophisticated consumer has no way to know to whom the debt is owed if the only name listed is "creditor" and not "original creditor."

63. Adding the word "original" enables the least sophisticated consumer to know to whom the debt is owed and to whom in was incurred.

64. Defendant failed to explicitly state the name of the original creditor to whom the debt is owed.

65. Defendant failed to clearly state the name of the original creditor to whom the debt is owed.

66. Because the letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

67. Because the letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

68. The least sophisticated consumer would likely be deceived by Defendant's conduct.

69. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

70. Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

  (a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Alan J. Sasson, Esq., as Class Counsel;

  (b) Awarding Plaintiff and the Class statutory damages;

  (c) Awarding Plaintiff and the Class actual damages;

  (d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

  (e) Awarding pre-judgment interest and post-judgment interest; and

  (f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: September 15, 2017

                Respectfully submitted,

                By: /s/ Alan J. Sasson
                Alan J. Sasson, Esq. (AS8452)
                Law Office of Alan J. Sasson, P.C.
                2687 Coney Island Avenue, 2nd Floor
                Brooklyn, New York 11235
                Phone: (718) 339-0856
                Facsimile: (347) 244-7178
                *Attorney for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

                */s/ Alan J. Sasson*
                Alan J. Sasson, Esq.

Dated: September 15, 2017